IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ADREAN MITCHELL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.:   1:12-cv-03787-RDB |
| LONZA WALKERSVILLE, INC., *et al.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO STAY THE PROCEEDINGS AGAINST LONZA WALKERSVILLE, INC.**

NOW COMES Plaintiff, Adrean Mitchell, by and through her undersigned counsel, Kristine R. Zenkewicz and Franklin & Prokopik, pursuant to the Federal Rules and Local Rules, and hereby moves for a stay of the proceedings against Lonza Walkersville, Inc. (hereinafter "Lonza") for the reasons cited herein:

1. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated September 26, 2012, providing that Plaintiff had 90 days in which to file a civil action. On December 26, 2012, Plaintiff filed her Complaint against Lonza and Randstad USA (hereinafter "Randstad").

2. Following the filing of the Complaint, Defendants filed Motions to Dismiss arguing that Plaintiff's Charge of Discrimination was untimely and thus, Plaintiff had no standing to bring suit. Attached as an Exhibit to Lonza's Motion to Dismiss was the Charge of Discrimination, noting a July 30, 2012 execution date by Plaintiff.

3. Upon receipt of the Motion to Dismiss and the Charge of Discrimination, the undersigned contacted Mr. James Norris with the EEOC to obtain a copy of the file and to ascertain the initial date Plaintiff brought a formal complaint against Defendants Lonza and

Randstad.  During that conversation, it was discovered that Plaintiff, had in fact, filed her formal complaint against Defendants within the requisite time period and acknowledged by Mr. Norris that the EEOC would re-open the administrative file.

4. Moreover, Mr. Norris also indicated that while Plaintiff's formal complaint was made against both Lonza and Randstad, the EEOC assigned different Charge numbers to the matters.[1]  Therefore, it was discovered that the Right to Sue letter originally issued by the EEOC was only for the pending matter of *Adrean Mitchell v. Lonza Walkersville, Inc.*  The EEOC further acknowledged that it had not completed its investigation in the matter pending *Adrean Mitchell v. Randstad, USA*.  Therefore, being filed separately is a Motion to Withdraw and/or Motion to Dismiss Without Prejudice Against Randstad as Plaintiff has not exhausted her administrative remedies against Randstad.[2]

5. Subsequently, on January 31, 2013, the EEOC issued a Notice of Charge Reopening the EEOC matter pending against Lonza.  *See*, Notice of Charge Reopening, attached hereto as **Exhibit A**.[3]  The Notice provides notice of the intent to reconsider the evidence and findings in this charge and to reopen the investigation.  However, the Notice also states that the Dismissal and Notice of Rights issued in the cited charge has been revoked and the charging party's right to sue is hereby vacated, unless the charging party has filed suit.

6. The language in the Notice is both misleading and confusing in terms of how the

---

[1] *Adrean Mitchell v. Lonza Walkersville:* EEOC Case Number:  531-2012-01832C
*Adrean Mitchell v. Randstad, USA:* EEOC Case Number:  531-2012-01007

[2] Due to the underlying confusion, Plaintiff does not want to be precluded from re-filing her Complaint against Randstad if and when a Right to Sue letter is issued in the EEOC matter pending against Randstad.

[3] The Notice of Charge Reopening was received by the undersigned on February 6, 2013.

reopening of the administrative matter against Lonza will affect the current lawsuit filed in this Court. Therefore, Plaintiff requests that the proceedings pending against Lonza be stayed until further clarification and/or investigation is completed by the EEOC.

7. District courts have "inherent power to manage their dockets and stay proceedings ..." ***In re Webvention LLC '294 Patent Litigation***, 868 F.Supp.2d 500, 504 (D. Md. 2012) (This case involved the decision of the Patent and Trademark Office ("PTO") to reexamine a patent's validity, and defendants move to stay the proceedings until an outcome of that reexamination). In deciding whether to stay an action, a "Court should consider the competing interests of the parties and in particular 'a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party.' " ***Id.***

Moreover, ***In re Webvention*** discussed three factors in determining whether to grant a stay in a pending PTO reexamination. While the subject matter is distinctly different, the fact that the PTO, an underlying agency made the decision to reexamine the validity of the patent is starkly similar to the case at bar wherein the EEOC made the decision to reopen and further investigate the charge against Lonza. The three factors identified in ***In re Webvention*** are: 1) the stage of the proceedings; 2) whether a stay would unduly prejudice the nonmoving party; and 3) whether a stay would simplify issues and the trial of the case." ***Id.*** After considering the above three factors, the ***In re Webvention*** court found a stay to be appropriate.

First, in setting forth the three factors, Plaintiff argues that a stay at this junction of the proceedings will not create a hardship on Lonza. The proceedings herein have only commenced recently and other than Lonza's filing of a Motion to Dismiss, there have been no other proceedings. Courts focus on whether a trial date has been set and the degree to which discovery has been completed. ***Id***. Again, other than an Amended Complaint and a Motion to Dismiss, the

parties have not taken part in any discovery, nor has this Court set any hearing dates or scheduling dates.

Furthermore, a stay of this matter will not unduly prejudice Lonza.  The EEOC intends to reopen the investigation and reconsider the evidence presented in Plaintiff's formal charge of discrimination.  By re-opening the EEOC investigation, Lonza will be forced to respond to the EEOC and also defend the pending lawsuit.  Accordingly, a stay of this action will allow the EEOC to make a determination as to the allegations against Lonza so that the parties can decide whether to resolve this matter before restarting any remaining aspect of this litigation.

Finally, a stay would certainly simplify the issues due to the joint employer issues and the pending charge against Randstad.  Essentially, Plaintiff's assertions against Defendants arise from the same set of factual allegations and therefore, a stay prevents a waste of judicial resources and time.

8. For the foregoing reasons, Plaintiff Adrean Mitchell respectfully requests that this Honorable Court grant Plaintiff's Motion to Stay the Proceedings Against Lonza Walkersville, Inc.

Respectfully submitted,

*Kristine R. Zenkewicz*_____
Kristine R. Zenkewicz (Federal Bar No.: 28951)
Brittany L. King (Federal Bar No.: 30089)
Franklin & Prokopik
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-1019
(410) 752-6868 (fax)
kzenkewicz@fandpnet.com
bking@fandpnet.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2013, a copy of the foregoing Plaintiff's Motion to Stay was sent via ECF Delivery to: Janeen Olsen Dougherty, Esquire, Grey Street Legal LLC, 356 N Pottstown Pike Ste 200, Exton, PA 19341, David C Weaver, Esquire Weaver and Fitzpatrick PA, 100 N Court Street, Frederick, MD 21701, *Attorneys for Defendant, Lonza Walkersville, Inc.* and Richard Gerakitis, Esquire, Richard E Hagerty, Esquire, and Jana L Korhonen, Esquire, Troutman, Sanders, LLP, 600 Peachtree Street, NE, Ste. 5200 Atlanta, Georgia 30308, Billy B Ruhling, II, Esquire, Troutman Sanders LLP 1660, International Drive Ste 1600 McLean, Virginia 22102, *Attorneys for Defendant, Randstad, USA*.



/s/
Kristine R. Zenkewicz