IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADREAN MITCHELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-3787 |
| LONZA WALKERSVILLE, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Adrean Mitchell ("Plaintiff" or "Mitchell") brought this action against Defendants Lonza Walkersville, Inc. ("Lonza") and Randstad US, L.P. ("Randstad"), alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").[1] Pending before this Court is Plaintiff's Motion to Stay the Proceedings against Defendant Lonza (ECF No. 25). Also pending before this Court are Defendant Lonza's Motions to Dismiss Plaintiff's Complaint (ECF No. 16) and Amended Complaint (ECF No. 23).

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiff Adrean Mitchell's Motion to Stay (ECF No. 25) is GRANTED. Because a stay is imposed in this case, Defendant Lonza Walkersville, Inc.'s Motions to Dismiss the Complaint (ECF No. 16) and Amended Complaint (ECF No. 23) are ADMINISTRATIVELY TERMINATED, and Defendant Lonza has leave to resubmit those motions subject to the stay being lifted.

---

[1] The claims against Randstad were dismissed without prejudice, upon the request of Plaintiff (ECF No. 26).

**BACKGROUND**

In her Amended Complaint, Plaintiff Adrean Mitchell ("Plaintiff" or "Mitchell") alleges that she worked in the Media Department of joint employers Lonza Walkersville, Inc. ("Lonza") and Randstad U.S., L.P. ("Randstad"), beginning April 22, 2011. *See* Amend. Compl. ¶¶ 8-10, ECF No. 21. During her period of employment, Plaintiff claims that her supervisor, Mr. Bruce Williams ("Williams"), made sexual comments and obscene gestures at Plaintiff, and attempted to touch her sexually. *Id.* at ¶ 11. On July 8, 2011, Plaintiff was reassigned to another position, and in early August she reported the incidents of harassment to a human resources representative for Lonza. *Id.* at ¶ 12(d)-(e). According to Plaintiff, the human resources representative indicated that Plaintiff was not the first employee to report sexual harassment by Williams, but that Lonza would not take any action against him. *Id.* at ¶ 12(e), (g). Plaintiff was again assigned to work under Williams on or about August 11 or 12th and, despite being a conscientious and dedicated employee, resigned from her position because of Williams's inappropriate behavior and Defendants' failure to take appropriate corrective measures. *Id.* at ¶ 14.

On July 30, 2012, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), identifying Lonza and Randstad as the Respondents. *Id.* at ¶ 4. The EEOC determined that Plaintiff's charge was filed outside of the 300-day filing limit and issued her a Dismissal and Notice of Right to Sue on September 26, 2012. *See* Amend. Compl. Ex. 1, ECF No. 21-1. Plaintiff filed the subject Complaint in this Court (ECF No. 1) against Defendants Lonza and Randstad on December 26, 2012, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

*et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff then filed an Amended Complaint (ECF No. 21) on January 25, 2013.

On January 31, 2013, the EEOC issued a Notice of Charge Reopening with respect to Plaintiff's charge against Defendant Lonza. *See* Mot. to Stay Ex. A, ECF No. 25-1. The Notice indicated that the EEOC "intend[ed] to reconsider the evidence and findings in this charge and to reopen the investigation," and cautioned that "the charging party's right to sue is hereby vacated, **unless** the charging party has filed suit . . . " *Id.* (emphasis in original). Furthermore, according to Plaintiff, the EEOC acknowledged that the original Right to Sue letter issued on September 26, 2012 only applied to the charges against Defendant Lonza, and that it had not completed its investigation into the charges against Randstad. *See* Mot. to Stay ¶ 4, ECF No. 25. Due to the pending EEOC investigation against Randstad, Plaintiff filed a Motion to Withdraw and/or Motion to Dismiss Without Prejudice Against Randstad (ECF No. 24) on February 11, 2012. This Court granted Plaintiff's Motion to Dismiss claims against Randstad (ECF No. 26) on February 12, 2012.

On February 11, 2012, Plaintiff also filed the subject Motion to Stay Proceedings Against Defendant Lonza (ECF No. 25), arguing that the case against remaining Defendant Lonza should be stayed until completion of the EEOC's investigation. Defendant Lonza filed a Response in Opposition to Plaintiff's Motion to Stay (ECF No. 27) on February 25, 2013, and Plaintiff filed a Reply to Defendant Lonza's response (ECF No. 28) on March 1, 2013.

## STANDARD OF REVIEW

The United States Supreme Court has long held that the "power to stay proceedings is incidental to the power inherent in every court" to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 245–55 (1936); *see also Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (holding that courts possess the inherent power to stay an action to ensure the "efficient management of their dockets"). When determining whether to grant a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. In determining whether to stay proceedings, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed. *See, e.g., Yearwood v. Johnson & Johnson, Inc.*, No. RDB-12-1374, 2012 WL 2520865, at *3 (D. Md. June 27, 2012).

## ANALYSIS

In support of the Motion to Stay, Plaintiff contends that the language in the EEOC's Notice of Charge Reopening is confusing and misleading with regard to how the EEOC's recent actions will affect the present lawsuit. *See* Mot. to Stay ¶ 6, ECF No. 25. Therefore, she requests that the proceedings against Defendant Lonza "be stayed until further clarification and/or investigation is completed by the EEOC." *Id.* In response, Defendant Lonza argues that there is no confusion in the EEOC's directives since the notice clearly preserves this Court's jurisdiction over the present case. Accordingly, Defendant Lonza

claims that "this action remains unaltered in its current posture," and that the Motion to Stay should be denied. *See* Mem. of Law Opp'n Mot. to Stay p. 4, ECF No. 27-1.

A district court should consider the following three factors in ruling on a Motion to Stay: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed. *See Yearwood*, No. RDB-12-1374, 2012 WL 2520865, at *3 (D. Md. June 27, 2012). The power to stay proceedings is inherent in every court. *Landis,* 299 U.S. at 245–55 (1936). One apt example is this Court's opinion in the patent dispute *In re Webvention LLC '294 Patent Litigation*, 868 F. Supp. 2d 500, 504-05 (D. Md. 2012). In *Webvention*, this Court granted a Motion to Stay Proceedings where a trial date had not been set, discovery had not begun, and the stay would only delay the case by approximately four months and might simplify the issues for trial. The Court also noted the desirability of waiting for the United States Patent and Trade Office to complete its re-examination of the matter. *See id.* In addition to providing its expert opinion as a resource for the Court's consideration, it was also possible that the PTO would invalidate one or more of the claims, making further litigation unnecessary and, therefore, saving judicial resources. *See id.*

This Court's logic in *Webvention* and the factors recited in *Yearwood* apply to the present case. While Defendant Lonza is correct that no provision of the EEOC's Notice of Charge Reopening has divested this Court of jurisdiction over the matter, the *Yearwoood* factors weigh in favor of staying the proceedings. Here, as in *Webvention*, waiting for the disposition of the EEOC may eliminate the need for further litigation, saving judicial

5

resources.  Furthermore, by continuing the present lawsuit while the EEOC conducts a simultaneous investigation, this Court would run the risk of producing inconsistent outcomes for the parties.  Finally, discovery has not commenced in this case, a trial date has not been set, and neither of the parties allege that a stay of the proceedings would cause them any significant hardship.  Therefore, given that all of the *Yearwood* factors weigh in favor of staying the proceedings, Plaintiff's Motion to Stay the Proceedings against Defendant Lonza Walkersville, Inc. is GRANTED.

## **CONCLUSION**

For the reasons stated above, Plaintiff Adrean Mitchell's Motion to Stay Proceedings Against Lonza Walkersville, Inc. (ECF No. 25) is GRANTED.  Because the case will be stayed, Defendant Lonza Walkersville, Inc.'s pending Motions to Dismiss the Complaint (ECF No. 16) and the Amended Complaint (ECF No. 23) are ADMINISTRATIVELY TERMINATED, and the Defendant Lonza has leave to resubmit those motions when the stay is lifted.

Dated: July 17, 2013

　　　　　　　　　　　　　　　　　　　　　　　／s／_____
　　　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge